United States Court of Appeals,

Fifth Circuit.

No. 95-50774

Summary Calendar.

Edward A. KOLLAR;  George Natividad, Jr.;  Dan Smith;  Nickie H. Keene;  Robert Berroteran;  John Marcee, Plaintiffs-Appellants,

v.

UNITED TRANSPORTATION UNION;  Robert A. Cushing;  E.L. Haynes, Defendants-Appellees.

May 21, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

The single issue in this appeal is whether the plaintiffs' common-law fraud claim against their union is preempted by the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-188.  Because we conclude that the fraud claim is preempted, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Edward Kollar and his fellow plaintiffs ("Plaintiffs") were employed by Southern Pacific Railroad and were members of the United Transportation Union ("the Union").  The Union is a party to separate collective bargaining agreements ("CBA") with both Southern Pacific and National Railroad Passenger Corporation ("Amtrak") covering terms and conditions of employment, including seniority.  In 1986, Amtrak entered into an agreement with the Union that permitted Southern Pacific employees to transfer to Amtrak.  In March 1988, the seniority provisions of this agreement

were modified by a letter agreement between the Union and Amtrak.

In June 1988, the Plaintiffs (then employees of Southern Pacific) attended an informational meeting concerning transferring to Amtrak. Plaintiffs contend that at this meeting representatives of the Union made representations to them concerning seniority for conductor positions with Amtrak. Plaintiffs applied for and received positions with Amtrak in November 1988. On December 5, 1988, a seniority roster was posted listings Plaintiffs' positions.

In July 1989, Plaintiffs discovered that they had actually received seniority designations lower than had been posted on the December roster. Amtrak informed Plaintiffs that the seniority designation was made pursuant to the letter agreement between the Union and Amtrak. Plaintiffs then approached the Union to resolve the dispute. In August 1991, Plaintiffs wrote to the Union's general counsel who informed them that only the General Chairperson could construe the agreement and that the Union would not waive any limitations defense to their complaint. On October 3, 1991, the General Chairperson replied that Amtrak's interpretation of the agreement was correct.

On July 12, 1993, Plaintiffs sued the Union and its representatives in Texas state court alleging only a fraud claim. The Union removed the case to federal district court based upon a federal question under the RLA. Subsequently, the Union moved for summary judgment on limitations grounds. Plaintiffs moved to remand the case arguing that their state law fraud claim was not preempted by the RLA. Following a hearing on both motions, the

district court granted the Union summary judgment on limitations and therefore found the remand motion moot.[1] Plaintiffs appeal contending their fraud claim is not preempted and, therefore, the district court erred in failing to remand.

## DISCUSSION

The denial of a motion to remand an action removed from state to federal court is a question of federal jurisdiction subject to *de novo* review. *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir.1995). Likewise, preemption is a question of law reviewed *de novo. Baker v. Farmers Elec. Coop.,* 34 F.3d 274, 278 (5th Cir.1994). Thus we apply *de novo* review to this appeal.

As we have recently noted, one of the goals of the RLA is to provide prompt and orderly settlement of disputes arising out of grievances or out of the interpretation or application of a CBA covering rates of pay, rules, or working conditions. *Hirras v. National R.R. Passenger Corp.,* 44 F.3d 278, 280-81 (5th Cir.1995). As a general rule, disputes arising out of grievances or out of the interpretation or application of a CBA are preempted by the RLA's mandatory arbitration provisions. *Id.* at 280. The preemptive power of the RLA extends to state-law claims; however, not every state-law claim is automatically preempted. Following the Supreme Court's recent opinion in *Hawaiian Airlines, Inc. v. Norris,* --- U.S. ----, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994), this Circuit

---

[1]Plaintiffs do not challenge on appeal the district court's holding on limitations under the RLA. Their sole complaint is jurisdictional.

3

holds that "a claim is preempted by the RLA only if it relies on the interpretation of a provision of the CBA; if the claim is brought under state law without any reference to the CBA, then it is not preempted." *Id.* at ----, 114 S.Ct. at 282. Thus, the sole issue in this case is condensed into whether Plaintiffs' common-law fraud claim involves interpretation of the CBA.

Under Texas law a claim for fraud requires that: 1) a material representation was made; 2) the representation was false; 3) the speaker knew the representation was false or made it recklessly; 4) the speaker made the representation with the intent that it should be acted upon by the party; 5) the party acted in reliance upon the representation; and 6) the party suffered injury. *Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 723 (Tex.1990). The gravamen of Plaintiffs' fraud claim is that the Union made false and misleading statements concerning Plaintiffs' seniority rights to induce them to transfer from Southern Pacific to Amtrak. Plaintiffs contend that under *Hirras,* their fraud claim is not preempted because "the CBA contains no provision related to the issue at hand-fraud." Plaintiffs' reliance on *Hirras,* however, is misplaced.

In *Hirras,* we held that the plaintiff's intentional infliction of emotional distress claim was not preempted by the RLA because the terms of CBA were not relevant to the resolution of that claim. We specifically noted that there was no provision in the CBA relating to the underlying issue of sexual harassment present in that case. *Hirras,* 44 F.3d at 283-84 & n. 11. In stark contrast,

4

the relevant underlying issue in this case is Plaintiffs' seniority. Seniority is controlled by the CBA and modifying agreements. While Plaintiffs couch their claim in terms of fraud, resolution of their claim nonetheless requires interpretation of the CBA. To prove the falsity of the representations, Plaintiffs would have to show that the relevant seniority provisions of the CBA, the transfer agreement, and modifying letter agreement, differ from the representations made by the Union. This requires interpretation of the CBA left appropriately to procedures established under the RLA.

The weight of authority supports this view. Plaintiffs have been unable to direct this Court to any authority holding that a state-law fraud claim premised on a denial of seniority is not preempted by the RLA. On the contrary, every circuit addressing the question in similar contexts holds that the fraud claims are preempted. *See Allen v. United Trans. Union,* 964 F.2d 818, 821-22 (8th Cir.1992) (state law misrepresentation claim concerning seniority preempted by RLA); *Melanson v. United Air Lines, Inc.,* 931 F.2d 558, 562-63 (9th Cir.) (state law fraud claim preempted by RLA), *cert. denied,* 502 U.S. 865, 112 S.Ct. 189, 116 L.Ed.2d 150 (1991); *see also Adkins v. General Motors Corp.,* 946 F.2d 1201, 1209-10 (6th Cir.1991) (state law fraud claim concerning seniority preempted under Labor Management Relations Act), *cert. denied,* 504 U.S. 908, 112 S.Ct. 1936, 118 L.Ed.2d 543 (1992).

CONCLUSION

Plaintiffs' complaint clearly requires reference to and

5

interpretation of the CBA. As a result, we hold that their common-law fraud claim is preempted by the RLA. Consequently, the district court did not err in failing to remand the case to state court. The judgment of the district court is AFFIRMED.